■ Leroy Flowers et al., Appellants, v Maria Bhola, Respondent. [996 NYS2d 168]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Mahon, J.), dated January 28, 2014, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff Leroy Flowers did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The defendant failed to meet her prima facie burden of showing that the plaintiff Leroy Flowers did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendant failed to adequately address the plaintiffs' claim, set forth in the bill of particulars, that Leroy Flowers sustained a serious injury under

the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

Since the defendant did not sustain her prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d at 969). Therefore, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Hall, Austin, Miller and Maltese, JJ., concur.